IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01041-WYD-MEH

IDALMIS C. COOLEY;
LOUANN L. BIENEMANN;
MAK S. CABRAL;
ELICIA L. ARAGON;
JACQUELYN DRUMMOND; and
ROBERT L. HOUK,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY;
DAN VAN BUSKIRK; and
DARRELL B. LARSON, d/b/a DARRELL B. LARSON AGENCY,

    Defendants.

## ORDER

THIS MATTER is before the Court on review of the Notice of Removal filed by Defendants, Plaintiffs' Response to Notice of Removal/Motion to Remand to State Court, and Defendants Larson and Van Buskirk's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion to dismiss is granted in part and denied in part. The motion to remand is granted.

I.    BACKGROUND

The Complaint and Jury Demand filed in this case in state court alleges that Defendant Larson is an insurance agent, doing business as the Darrell B. Larson Agency, and that Defendant Van Buskirk is a casualty claims analyst for American

Family Mutual Insurance Company ("American Family"). (Compl., ¶¶ 2-3.) Plaintiffs were, for the most part, insured by American Family and were involved in automobile accidents in which they received injuries entitling them to benefits under the Colorado Auto Accident Reparations Act ("CAARA"). (*Id.*, ¶¶ 6, 7.)

Plaintiffs allege that Defendants were actively and fraudulently concealing facts related to American Family's failure to offer the Personal Injury Protection ("PIP") coverages required by Colorado law. (*Id.*, ¶¶ 10-12.) They also allege that after American Family concluded that it had not complied with the law, it created a PIP Endorsement which included expanded coverages not previously available. (*Id.*, ¶ 13.) However, American Family determined it would not notify any PIP claimants insured under that deficient endorsement of their right to extended PIP benefits. (*Id.*, ¶ 14.)

Plaintiffs assert that their injuries are in excess of the basic PIP claims that are compensable under their policies and that they have unresolved PIP claims that are compensable under any policy containing extended PIP benefits under Colorado law. Plaintiffs were part of the class action in *Hicks v. American Family* in which the district court in Boulder certified a class of American Family and American Standard policyholders that included these Plaintiffs for the limited purpose of reforming their policies to include the statutory extended PIP benefits. That case did not involve or address individual claims of the Plaintiffs.

Plaintiffs sue American Family for breach of contract, willful and wanton statutory bad faith, and breach of the implied covenant of good faith and fair dealing. Plaintiffs Bieneman and Aragon have sued Defendant Larson and Van Buskirk for negligence,

fraud and fraudulent concealment. I discuss the specific allegations against these Defendants in more detail below.

The Notice of Removal asserts that although the presence of Defendants Van Buskirk and Larson would appear to defeat diversity jurisdiction, those Defendants were fraudulently joined to defeat diversity jurisdiction. Defendants also assert that the amount in controversy exceeds $75,000.00, even though Plaintiffs have not made a specific demand for a precise amount in the complaint. Defendants filed a motion seeking to dismiss the claims against Larson and Van Buskirk on the basis that the claims against them are not cognizable under Colorado law. Plaintiffs filed a motion seeking to remand the case on the basis that Defendants did not show that the amount in controversy requirement is satisfied and did not meet their burden of showing that Defendants Larson and Van Buskirk were fraudulently joined.

II. ANALYSIS

1. Motion to Dismiss

Defendants seek to dismiss Defendants Larson and Van Buskirk pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The motion asserts that the claims against these Defendants are not cognizable under Colorado law.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), I "must assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The inquiry is "whether the complaint contains 'enough facts to state a

-3-

claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1969 (2007)).  A plaintiff "must 'nudge [][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.* (quoting *id.*)  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphasis in original).

Turning to my analysis, in *Estate of Hill v. Allstate Insurance Company*, 354 F. Supp. 2d 1192 (D. Colo. 2004), Judge Blackburn of this Court determined that an insurance agent was fraudulently joined because no viable cause of action could be stated against the agent.  In that case, as here, a case was filed in state court against both the insurer and insurance agent in connection with a case that implicated the expanded PIP provisions of the now abrogated CAARA, commonly known as the "No-Fault Act." *Id.* at 1195.  The plaintiffs claimed that Allstate and their agent failed to inform them of the availability of enhanced PIP benefits. *Id.* at 1196.  The case was removed to this Court.

In deciding a motion to remand, Judge Blackburn considered whether the insurance agent was fraudulently joined to defeat diversity jurisdiction.  He noted that "[t]o prove fraudulent joinder, the removing party must show either that there is no-possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant or outright fraud in the pleading of jurisdictional facts." *Id.* at 1196.  He further noted:

> The burden of proving fraudulent joinder is extremely heavy. . . . The removing party must "prove the non-liability of the [non-diverse] defendant as a matter of fact or law.". . . "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." . . . I may look to evidence outside the pleadings in making this determination, although I may not conduct a full-scale evidentiary hearing. . . .Rather, I must view the facts in the light most favorable to the non-removing party and resolve all disputed questions of fact and uncertain legal issues in its favor.

*Id.* (internal quotations omitted).

Judge Blackburn found that the plaintiffs' claims did not state a viable claim for relief against the agent because they all emanated from their contention that the agent failed to advise them of the availability of enhanced PIP benefits. *Id.* at 1196-97. He stated the circumstances when a cause of action can exist under Colorado law as to an agent but found, absent a special relationship, that there was no duty of an agent to affirmatively advise his or her customer of provisions contained in an insurance policy. *Id.* at 1197. Thus, while an agent could be liable where he was specifically requested to procure a particular type of benefits and indicated that he would do so and did not, nonfeasance in connection with the failure to advise of benefits (including enhanced PIP benefits) was not actionable. *Id.* As the plaintiffs in that case pled only nonfeasance, Judge Blackburn found that the agent could not be held liable and that the agent's joinder was fraudulent under the law. *Id.* at 1198-99. Accordingly, he denied plaintiffs' motion to remand and granted the agent's motion to dismiss. *Id.*

Cases from Colorado state court support this holding. In *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462 (Colo. 2003), the Colorado Supreme Court analyzed when a duty is owed by a claims handler to an insured. The court stated:

> In the typical insurance case, only the insurer owes the duty of good faith to its insured; agents of the insurance company - even agents involved in claims processing - do not owe a duty, since they do not have the requisite special relationship with the insured. . . . In the typical case, the insured is adequately protected by the non-delegable duty the law imposes on the insurer. However, the existence of this non-delegable duty does not mean that a third-party claims administrator never has an independent duty to investigate and process the insured's claim in good faith. When the actions of a defendant are similar enough to those typically performed by an insurance company in claim administration and disposition, we have found the existence of a special relationship sufficient for imposition of a duty of good faith and tort liability for its breach-even when there is no contractual privity between the defendant and the plaintiff.

*Id.* at 466 (internal quotations omitted).

In *Cary*, the court found that "a sufficient special relationship existed between the Administrators and Cary to impose a duty of good faith and fair dealing on the Administrators, in light of their central role in claims administration and their financial liability for claims." *Id.* at 468. This was because "the insurance administrators had primary control over benefit determinations, assumed some of the insurance risk of loss, undertook many of the obligations and risks of an insurer, and had the power, motive, and opportunity to act unscrupulously in the investigation and servicing of the insurance claims." *Id.* at 465; *see also Kaercher v. Sater*, 155 P.3d 437, 441 (Colo. Ct. App. 2006) ("Colorado follows the general rule that insurance agents have a duty to act with reasonable care toward their insureds, but, absent a special relationship between the insured and the insured's agent, that agent has no affirmative duty to advise or warn his or her customer of provisions contained in an insurance policy. . . . Whether a special relationship has been formed turns on whether there is 'entrustment,' that is,

whether the agent or broker assumes additional responsibilities beyond those which attach to an ordinary, reasonable agent possessing normal competencies and skill").

Based on the foregoing, I must determine whether Plaintiffs' allegations adequately plead the existence of a special relationship between Plaintiffs and agents Larson and Van Buskirk. I first address the allegations against agent Larson. Plaintiff Bieneman sues Larson for negligence, fraud and fraudulent concealment in connection with failing to offer the legally required extended PIP benefits to his policyholder and then intentionally and fraudulently concealing from the policyholder and Plaintiff the fact that American Family had failed to offer the proper extended PIP benefits that would likely be applicable to Ms. Bieneman's injuries. Compl., ¶¶ 39-48. Bieneman alleges that by concealing facts which Larson knew she would benefit from knowing, he violated his duties under C.R.S. § 10-2-801(1)(f) and breached the special relationship that existed between himself and the policyholder and, ultimately, Bieneman as the insured and third party beneficiary of the policy. *Id.*, ¶¶ 49-51.

I find that the motion to dismiss should be granted as to Larson, as Plaintiff Bieneman has not alleged a special relationship between herself and Larson that would state a viable claim for relief against him. Bieneman has not alleged that she requested extended PIP benefits which were not provided or that Larson told her he would procure such benefits and did not. Further, she has not alleged that Larson was charged to perform the same types of tasks that an insurance company ordinarily does in servicing claims, and that Larson bore some financial risk in approving or denying a particular claim. She also has not alleged any affirmative fraud or any other affirmative act that

would create a special relationship. Instead, she alleges merely that Larson is liable for concealing the fact that there was an option to obtain extended PIP benefits. This is the very duty which courts have found is not required of an agent, as discussed above.

*Torres v. American Family Mut. Ins. Co.*, No. 07-cv-01330-MSK-MJW, 2008 WL 762278, at *5-6 (D. Colo. 2008) is particularly instructive as to my ruling regarding Larson. In that case, the plaintiff asserted that the agent, Defendant Davis, did not advise him of his entitlement to enhanced PIP benefits, even though she knew he would exceed his basic PIP coverage, that American Family requested that its claims administrators identify which insureds may be entitled to additional PIP coverage, that the agent should have been aware that the plaintiff could have received more benefits had the enhanced PIP coverage been afforded to him, and that she was thus obligated to advise him as such. Judge Krieger of this Court found that those allegations were not sufficient to indicate that the agent "performed the extensive, insurer-type duties necessary under *Cary* to confer upon her a duty to the Plaintiff" and dismissed the agent from the case. *Id.* at *5-6. She stated:

> For example, the Plaintiff does not allege that Defendant Davis had the ability to grant or deny his claim for benefits, nor does he allege that Defendant Davis had a personal financial interest in the outcome of his claim. At best, the Plaintiff has only alleged facts that show that Defendant Davis was charged with ministerial tasks of supplying him with information about his coverage, and determining whether he would have been entitled to additional benefits were he to be extended enhanced PIP coverage. This is far short of the fairly high threshold set for liability in *Cary* . . . .

*Id.* at *5.

Judge Krieger further found that while the agent may have "evidenced bad faith in her dealings with the Plaintiff, [that] fails to address the preliminary question of

-8-

whether Defendant Davis owed any duty to the Plaintiff in the first instance." *Id*. *Cary* defines the facts that create such a duty, and she found that the plaintiff did not address those facts. *Id*. Accordingly, she found that the plaintiff had not alleged a viable claim against the agent. *Id*. at *6. Other cases which support my holding include *Estate of Hill,* 354 F. Supp. 2d 1192, 1197 (D. Colo. 2004) (The general duty of the insurer's agent to the insured is to refrain from affirmative fraud, not to watch out for all rights of the insured and inform the latter of them); *Whitehead-Rojas v. American Family Ins. Co.*, 2008 WL 1924899, at *2-3 (D. Colo. 2008); and *Nunn v. St. Paul Travelers*, No. O5-cv-01246-WDM, 2006 WL 827403, at *2 (D. Colo. 2006).

I now turn to the allegations against Defendant Van Buskirk. Plaintiff Aragon sues Van Buskirk alleging that as part of her job duties, she was adjusting PIP claims for persons injured while insured under American Family policies and that she assumed the direct responsibility for adjusting the PIP claims of Aragon. Compl., ¶¶ 55-56. It is alleged that Van Buskirk became aware that American Family's policies were non-compliant with law and that the company was obligated to reform the policies. *Id.*, ¶ 56. However, she never requested that Aragon's policy "be reformed to incorporate the extended PIP benefits . . . and instead had Aragon submit to an IME examination." *Id.*, ¶ 57. Subsequently, Van Buskirk is alleged to have "threatened Aragon with a discontinuation of benefits if Aragon did not accept a so-called PIP buyout, which was prohibited by the Division of Insurance." *Id.*, ¶ 58. "Upon further discussion with Aragon, Van Buskirk finalized a PIP buy out in the amount of $7,000.00 without revealing to her that she was entitled to the unlimited medical benefits contained in the

extended PIP benefits. *Id.*, ¶ 59. "As such, Van Buskirk made deliberate, fraudulent, and intentional statements intended to deceive Aragon by concealing her entitlement to the additional benefits." *Id.*, ¶ 61. Van Buskirk had "an independent duty as a trained claims analyst to refrain from fraudulent, deceptive, or negligent misrepresentations in communicating with American Family insureds and PIP claimants, which in this case created a special relationship with Aragon, yet despite her awareness that Aragon was entitled to the reformed policy and benefits, Van Buskirk failed to correct the inaccurate advisements to Aragon regarding the extent of their PIP benefits, and intentionally misadvised Aragon to the contrary." *Id.*, ¶ 61. Finally, Plaintiff alleges that Van Buskirk knew that Aragon would rely upon her statements to Aragon's detriment. *Id.*, ¶ 62.

I find that the motion to dismiss should be granted in part and denied in part as to Defendant Van Buskirk. First, the allegations that Van Buskirk deliberately and intentionally concealed the amount of PIP benefits that Plaintiff is entitled to fails for the same reasons as the claims against Larson. Van Buskirk had no duty to inform Plaintiff of this fact, as this duty rests with the insurer. *Estate of Hill*, 354 F. Supp. 2d at 1196-97; *Kaercher*, 155 P.3d at 441.

However, I find that the Complaint does state certain facts against Van Buskirk that state a plausible claim for relief. Unlike the allegations against Defendant Larson, Plaintiff Aragon has pled affirmative acts of fraud that may state a claim for relief. Further, she has pled that Defendant Van Buskirk acted affirmatively to contribute to a lack of coverage in connection with the extended PIP benefits, *i.e.,* threatening Aragon with a discontinuation of benefits if Aragon did not accept a so-called PIP buyout. I find

that these allegations are sufficient to state a claim that a special relationship was created between Plaintiff Aragon and Defendant Van Buskirk. *See Hill*, 354 F. Supp. 2d at 1197 ("'[a]bsent some allegation that an insurance agent did something to contribute to a lack of coverage or denial by an insured, the agent will not be held liable simply because it exists as an agent.' . . . Stated differently, '[t]he general duty of the insurer's agent to the insured is to refrain from affirmative fraud. . . . ") (quotation omitted).

Indeed, Judge Berkenkotter of the Boulder County District Court issued an Order granting in part and denying in part motions to dismiss as to Defendant Van Buskirk for similar allegations against her made in that court. *See Chahmi v. Stimeling*, No. 08-CV-374 (Order Regarding Defendant Van Buskirk's Motion to Dismiss) (Boulder County Dist. Ct. Sept. 15, 2008) (Ex. 1 to Second Notice of Supp. Authority Regarding Pl.'s Resp. to Defs.' Larson and Van Buskirk's Mot. to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)). She granted, as did I, the motion to dismiss as to the claims that Van Buskirk failed to inform the plaintiff or concealed the fact that plaintiff was entitled to extended PIP benefits, as that duty rests with the insurer. *Id.*, Order at 5.

She denied, however, the motion to dismiss as to the remaining claims against Van Buskirk. She noted the duty of an agent to refrain from affirmative fraud, and found that the plaintiff's allegations that Van Buskirk provided false information to her by representing that the plaintiff was only entitled to a certain amount in remaining PIP benefits when in fact the plaintiff was entitled to the extended PIP benefits under the reformed policy stated a claim upon which relief can be granted. *Id.* at 4. She found that "these factual circumstances distinguish this case from the negligent

misrepresentation by omission alleged in *Estate of Hill*." *Id*. She also found that the issue of failing to inform the plaintiff of the amount of benefits that the plaintiff was entitled to was a "different question than whether an insurance adjuster – who (assuming the facts alleged as true) has voluntarily reformed an insured's policy to included extended PIP benefits without the insured's knowledge – may properly conceal this information in order to induce the insured into a settlement of the insured's claims that deprives the insured of extended PIP benefits." *Id.* at 5. Judge Berkenkotter concluded that the plaintiff "has properly stated a fraudulent concealment claim upon which relief may be granted on these facts." *Id*.

I find that the Order issued in *Chahmi* is well reasoned and adopt its reasoning in granting in part and denying in part the motion to dismiss as to Defendant Van Buskirk. I also note that Judge Berkenkotter and another judge in Boulder County District Court issued orders as to insurance agents that support my ruling granting the motion to dismiss as to Defendant Larson. *See Chahmi v. Stimeling*, No. 08-CV-374 (Order Regarding Defendant Stimeling's Motion to Dismiss) (Boulder County Dist. Ct. Sep. 15, 2008); *Navarette v. American Family Mut. Ins. Co.*, No. 08-CV-626 (Ruling and Order Regarding Defendants' Motion to Dismiss the Plaintiffs' Fifth and Sixth Claims for Relief) (Boulder County Dist. Ct. Oct. 3, 2008) (Exs. A and B to Defs.' Larson and Van Buskirk's Supp. Authority in Supp. of Their Mot. to Dismiss Under Fed. R. Civ. P. 12(b)(6)).

Based upon the foregoing, Defendants' Motion to Dismiss is granted as to Defendant Larson and granted in part and denied in part as to Defendant Van Buskirk.

2. <u>Motion to Remand</u>

I now turn to the motion to remand. In deciding the merits of Plaintiff's motion to remand, I note that there a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000 and the matter must be between citizens of different states. 28 U.S.C. § 1332(a). Courts are required to "rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).

I find that this case must be remanded based on the fact that Van Buskirk remains in the case as a Defendant. Her presence defeats diversity, as Plaintiffs and Defendant Van Buskirk are all Colorado residents. I also find that the case should be remanded because Defendants have not established the amount in controversy requirement, as described below.

The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Laughlin*, 50 F.3d at 873. "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Id.* (quotation omitted). "When, as here, the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). More precisely, "the defendant

must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play. . . ." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original). "It is only the jurisdictional facts that must be proven by a preponderance-not the legal conclusion that the statutory threshold amount is in controversy." *Id.*

The Tenth Circuit has recently noted several ways that the removing defendant may prove the amount in controversy. First, the defendant may rely on an estimate of the potential damages from the allegations in the complaint. *Id.* at 955. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.* "Second, beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy-either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward. " *Id.*

In the case at hand, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, I turn to the Notice of Removal. The Notice of Removal references the Plaintiffs' certification in the Civil Case Cover Sheet filed in state court that they are seeking a monetary judgment for more than $100,000.00. Notice of Removal, ¶ 22. I find that is not sufficient to establish that the jurisdictional amount is satisfied. A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-

01106-MSK-MEH, 2007 WL 2908434, at * 3-4; *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.,* Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

The Notice of Removal also references the fact that Plaintiffs are seeking treble the amount of PIP benefits not paid under C.R.S. § 10-4-708, plus 18% interest on untimely paid benefits. Defendants assert that while not capable of a precise calculation at this phase of the proceeding, this component of damages must be factored into evaluating the amount sought by plaintiffs. Notice of Removal, ¶ 25. Further, Defendants state that Plaintiffs seek an award of attorney fees under § 10-4-708 and that Plaintiffs are asserting a common law bad faith claim wherein they can recover economic and noneconomic damages. *Id.*, ¶¶ 26, 27. Defendants assert that the allegations of bad faith, when combined with the statutory damages sought under § 10-4-708, establish that Plaintiffs are seeking more than $75,000. I find that these statements are not sufficient to establish that the jurisdictional amount is satisfied, as the Court is left to speculate what the damages might be as to these claims, whether the Plaintiffs will actually be entitled to an award of attorney fees, and if so, what amount of fees would be awarded. I am not persuaded from these allegations that Defendants have shown that the damages and fees will exceed $75,000 as to each of the Plaintiffs.

The only allegations that I find do establish the amount in controversy requirement are the allegations that Plaintiff Cooley admitted in other litigation that the amount of benefits she is seeking exceeds the $200,000 of available extended PIP coverage. *See* Notice of Removal, ¶ 28. Defendants reference an affidavit that Cooley submitted in the *Hicks* matter alleging that she had $335,200 to $718,400 in future earnings based on economic calculations performed in 1997, and that her unrecompensed wage loss alone would exceed the $200,000 of available extended PIP coverage. *Id.* (citing Affidavit attached as Ex. A and attached report of Pat Pacey). I find that these allegations are sufficient to show that Plaintiff Cooley's claim exceeds $75,000.

However, a showing that the amount in controversy is satisfied only as to Plaintiff Cooley is not sufficient. Contrary to Defendants' argument in their Notice of Removal, a defendant must generally show that each plaintiff satisfies the amount in controversy requirement. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). Aggregation of claims "is only permitted when a single plaintiff seeks to aggregate two or more of its own claims against a defendant or 'in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Elliott Industries Ltd. Partnership v. BP America*, 407 F.3d 1091, 1105 (10th Cir. 2005) (quotations omitted); *see also Grynberg v. Grey Wolf, Inc.*, No. 07-cv-01742-LTB-BNB, 2007 WL 4169430, at *2 (D. Colo. 2007).[1]

---

[1] While Defendants rely on *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005), I find that case is not applicable. That case held that in a class action case where the court has original jurisdiction over at least one claim, it may exercise supplemental jurisdiction over all claims if at least one

In this case, I find that aggregation of Plaintiffs' claims is not appropriate because they sue for individual damages based on relationships stemming from individual insurance policies. In other words, Plaintiffs are not suing to enforce a single title or right. *See Lovell*, 466 F.3d at 898. Accordingly, Defendants are required to present jurisdictional facts that $75,000 is in play as to each Plaintiff, which they have failed to do. The motion to remand must thus be granted, and the case remanded to state court.

III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendants Larson and Van Buskirk's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. # 14) is **GRANTED** as to Defendant Larson and **GRANTED IN PART AND DENIED IN PART** as to Defendant Van Buskirk. Defendant Larson is **DISMISSED** from this case. It is

FURTHER ORDERED that Plaintiffs' Motion to Remand to State Court (Doc. # 12) is **GRANTED**. The Clerk of Court is directed to **REMAND** this case to the District Court, City and County of Denver, State of Colorado.

Dated: November 3, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Court Judge

---

plaintiff meets the $75,000 amount-in-controversy requirement. This is not a class action, and I do not have original jurisdiction over any of the claims.